UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HOPKINS PROPERTIES, LLC,
VOLUSIA BROADCASTING COMPANY,
LLC, THE PERFORMANCE GROUP,
INC. and JOSEPH H. HOPKINS,

    Plaintiffs,

v.                                              Case No: 6:13-cv-349-Orl-28TBS

KEVIN GEDDINGS, GLK
CONSULTANTS, LLC, JOSEPH MILES,
DAYTONA REPAIR PO, INC., GO TO
STUGIS, LLC, GREGORY NEWLUN,
CRI-MO, LLC and BRIAN NEWLUN,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiffs' Motion for Award of Attorneys' Fees and Costs. (Doc. 50). Defendants Kevin Geddings and GLK Consultants, LLC have filed a response in opposition. (Doc. 51). The remaining Defendants have not responded to the motion and the time to do so has expired. Upon due consideration, I respectfully recommend the Court grant Plaintiff's motion to the extent provided in this report.

### I. Background

Plaintiffs filed this action in Volusia County on October 12, 2012, claiming breach of contract, unjust enrichment, tortious interference with contractual/business relationships, injunctive relief – interference, misappropriation of trade secrets, libel, wrongful repossession, conversion, replevin, trespass, injunctive relief – for possession and/or prohibiting sale of boat, and false imprisonment. (Doc. 3). On December 13,

2012, Defendant GLK Consultants, LLC ("GLK") served its answer, affirmative defenses, and counterclaim. (Docs. 15, 16). The counterclaim included a count for foreclosure on a preferred ship mortgage pursuant to 46 U.S.C. § 31325. Shortly thereafter, GLK filed a motion in state court to transfer the case to federal court. The state court denied the motion. (Doc. 50 ¶ 3). Then, on March 1, 2013, GLK removed the case to this Court on the ground that it involves a preferred ship mortgage over which this Court allegedly has jurisdiction pursuant to 46 U.S.C. § 31325(c). (Doc. 1). Defendants Daytona Repair PO, Inc. and Joseph Miles filed a Joinder in Notice of Removal of Action, which stated that they joined in GLK's notice of removal of the case from state court to this Court. (Doc. 2). Plaintiffs moved for remand, arguing that GLK was not permitted to remove a case to federal court based upon a counterclaim; that GLK failed to timely file its notice of removal; and that GLK did not get consent from each defendant to remove the case. (Doc. 27). Geddings and GLK filed a joint response in opposition to Plaintiffs' motion. (Doc. 30). The Court found that federal jurisdiction cannot rest upon a counterclaim and remanded the case to the Circuit Court of the Seventh Judicial Circuit, in and for Volusia County, Florida. (Doc. 49). The Court retained jurisdiction solely to decide the issue of attorney's fees. (Id.).

Plaintiffs have filed their motion for attorney's fees (Doc. 50), to which only Geddings and GLK have responded (Doc. 51). Plaintiffs argue that they are entitled to an award of attorney's fees because GLK did not have an objectively reasonable basis for removing the case. (Doc. 50). In their response, Geddings and GLK argue that certain allegations in Plaintiffs' Complaint arguably confer federal jurisdiction. They maintain that Count VII of Plaintiffs' complaint for "wrongful repossession" alleges a claim for improper repossession of a documented vessel subject to a preferred ship mortgage, and Count

- 2 -

VIII alleges an action for replevin of a documented vessel subject to a preferred ship mortgage. Geddings and GLK contend that these claims fall under 46 U.S.C. § 31325(c).

## II.    28 U.S.C. 1447(c)

The removal statute, 28 U.S.C. § 1441, provides that a defendant may remove an action to federal court if the court has original jurisdiction over the suit. If a defendant attempts to remove a case over which the court lacks subject matter jurisdiction, the court must remand the case and "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 711, 163 L.Ed. 2d 547 (2005). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party." Id. at 140.

GLK removed the case from state court to this Court based upon its counterclaim for foreclosure of the preferred ship mortgage. (Doc. 1 ¶¶ 5, 6, 11, 14). It is well settled that a defense or counterclaim presenting a federal question does not establish subject matter jurisdiction. Vaden v. Discover Bank, 556 U.S. 49, 60-62, 129 S.Ct. 1262, 173 L.Ed. 2d 206 (2009); Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 122 S.Ct. 1889, 153 L.Ed. 2d 13 (2002) (holding that a federal counterclaim, even when compulsory, does not establish "arising under" jurisdiction.). Had GLK made a meaningful inquiry or investigation it would have known that it could not base its removal upon its counterclaim.

Now facing Plaintiffs' motion for attorney's fees, GLK and Geddings argue for the first time that removal was not entirely predicated on GLK's amended counterclaim, because Counts VII and VIII of Plaintiffs' complaint involve a preferred ship mortgage and therefore provide an objectively reasonable basis for removal. (Doc. 51). This argument focuses on the following language in GLK's notice of removal: "The facts surrounding the execution of the Preferred Ship Mortgage are intertwined with many of the other causes of action and if separated out from the remaining claims in this matter so that all claims are not before one court there is certain to be a duplication of judicial resources." (Doc. 1 ¶ 14). GLK and Geddings' own papers contradict this argument.  In their memorandum in opposition to the motion for remand, they stated: "The basis for the removal of this case to Federal Court was premised upon the Amended Counterclaim which purports to allege an *in rem* action against the vessel *ZYDECO* and to foreclose upon a preferred ship's mortgage and note . . ." (Doc. 30 ¶ 1). And, if GLK had based its removal on the averments in Plaintiffs' complaint it would have been untimely under 28 U.S.C. § 1446(b), which provides that a defendant must file for removal within 30 days of receiving the initial pleading.

For these reasons, I find GLK's basis for removal was contrary to well-settled law and not objectively reasonable. See Hansard v. Forsyth Cnty., GA, 191 F. App'x 844, 846-47 (11th Cir. 2006) (finding the district court did not abuse its discretion by awarding fees under 1447(c) when the original state court complaint, on its face, did not plead a federal claim and resolution of the state law claims did not require resolution of any federal issues).

### III. Attorney Fees

In the Eleventh Circuit, courts use the lodestar approach to determine reasonable

attorney's fees.  Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988).  The lodestar is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party.  Id. at 1299.  "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."  Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).  The fee applicant can satisfy its burden "by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates."  Chemische Fabrik Budenheim KG v. Bavaria Corp. Int'l., No. 6:08-cv-1182-Orl-22DAB, 2010 WL 98991 at *4 (M.D. Fla. Jan. 6, 2010).  Once the Court has determined the lodestar, it may adjust the amount upward or downward based upon a number of factors, including the results obtained.  Norman, 836 F.2d at 1302.

    A.  Reasonable Hourly Rate

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  Norman, 836 F.2d at 1299.  The applicant bears the burden of producing satisfactory evidence that the requested rates are in line with the prevailing market rates.  Id.  However, "the Court may use its own expertise and judgment to make an appropriate independent assessment of the value of the attorney's services."  Chemische, 2010 WL 98991, at *4 (citing Norman, 836 F.2d at 1303); see also Perez v. Sanford-Orlando Kennel Club, Inc., et al., No. 6:05-cv-269-Orl-28KRS, 2009 WL 2500290, at *2 (M.D. Fla. Aug. 14, 2009) ("It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees.").  When determining whether a rate is reasonable the Court considers the following factors:

> 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases.

Bivins v. Wrap It Up, Inc., 380 F. App'x 888, 890 (11th Cir. 2010) (citing Johnson v. Georgia Highway Exp., Inc., 488 F.2d 714 (5th Cir. 1974) overruled on other grounds by Blanchard v. Bergeron, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed. 2d 67 (1989)).

Plaintiffs' attorneys billed their clients $450 per hour for Charles D. Hood, Jr. and $375 for Tamara R. Gaines. (Doc. 50 at 10). GLK and Geddings do not contest these hourly rates except to say, correctly, that "rates should be based upon the experience of the attorneys which was not addressed in plaintiffs' motion." (Doc. 51 at 5). Having considered the Johnson factors and the Court's own expertise and knowledge of prevailing market rates, I find that the requested hourly rates are objectively reasonable and accordingly recommend the Court apply the following hourly rates: Charles D. Hood, Jr. – $450; and Tamara R. Gaines – $375.

### B. Reasonable Hours Spent

Next, the Court must determine the number of hours reasonably expended by counsel. Prevailing attorneys "must exercise their own billing judgment to exclude any hours that are 'excessive, redundant, or otherwise unnecessary." Galdames v. N & D Inv. Corp., 432 F. App'x 801, 806 (11th Cir. 2011) (citations and inner quotations omitted). Attorneys may only bill adversaries for the same hours they would bill a client. Resolution Trust Corp. v. Hallmark Builders Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). A court may

reduce excessive, redundant, or otherwise unnecessary hours, or may engage in "an across-the-board cut," as long as the Court adequately explains its reasons for doing so. Galdames, 432 F. App'x at 806 (citations omitted).

After review of the time records submitted by Plaintiff counsel, I find they are seeking reimbursement for excessive and unnecessary hours. Section 1447(c) allows for attorney fees "incurred as a result of the removal." Plaintiffs seek to recover attorney's fees for time spent while the action was still in state court and all hours expended in federal court. The Court does not have jurisdiction to award fees for work performed in the state court. See Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc., No. 6:10-cv-1445-Orl-22DAB, 2012 WL 695670 at *3 (M.D. Fla. Feb. 14, 2012), adopted by 2012 WL 695843 (M.D. Fla. Mar. 1, 2012). Therefore, I recommend that the Court not award fees for time spent in state court and strike the following entries from Counsels' billing ledger: 1/03/12, 1/22/13, 1/25/13, 1/28/13, 2/01/13.[1]

Plaintiffs also seek to recoup fees for all hours expended in federal court, including those unrelated to the improper removal. They have not cited any authority or put forth any argument as to why the Court should award fees that were not directly "incurred as a result of removal." Therefore, I recommend that the Court strike the following entries from Counsels' billing ledger: 3/22/13, 3/25/13, and any entry occurring on or after 4/26/13. See Digital 1 Media, Inc. v. Van Almen, No. 8:09-cv-1097-T-33TBM, 2010 WL 3259788 at *4 (M.D. Fla. July 27, 2010), adopted by 2010 WL 3269786 (M.D. Fla. Aug. 16, 2010).

Lastly, a few of Counsels' entries provide insufficient detail or are for clerical or duplicative work. "It is appropriate to distinguish between legal work, in the strict sense,

---

[1] I have eliminated the 1.3 hours counsel billed on 1/25/13 because the entry is a case of block billing and it is impossible to separate the time that is compensable from the time that is not.

and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers . . . ." Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989).  Some of Counsels' time entries do not distinguish between legal work of the sort typically billed to a client and day-to-day tasks that a lawyer generally undertakes. Accordingly I recommend the Court strike the following time entries: 2/05/13, 2/08/13. 3/06/13, 3/08/18 (both entries), 4/11/13, 4/15/13, and I recommend the Court reduce the .8 hours spent on 3/29/13 to .5 hours as Counsel should not recoup for time spent "review(ing) . . . e-filing of unopposed motion for Extension of Time to Respond to Motion to Dismiss."

Applying my recommended reductions results in the following fee award to Plaintiffs:

| Attorney | Total Hours Works | Billable Rate | Fees Incurred |
|---|---|---|---|
| Charles D. Hood. | .5 | $450 | $225 |
| Tamara R. Gaines | 11.8 | $375 | $4,425 |
| **Total**: | | | $4,650 |

Plaintiffs have not requested costs.

Defendants Daytona Repair PO, Inc. and Joseph Miles joined in the notice of removal and therefore, I would have recommended that they be found jointly and severally liable for these amounts.  However, according to Plaintiff counsels' certificate of compliance with Local Rule 3.01(g), they only conferred with counsel for GLK and Geddings before filing the motion for attorney's fees.  Accordingly, I recommend the Court not enter a fee award against Daytona Repair PO, Inc. and Joseph Miles.

### IV.     Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

1. Plaintiffs' Motion for Attorney's Fees and Costs (Doc. 50) be **GRANTED** to the extent provided in this report.

2. The Clerk be directed to enter judgment for Plaintiffs and jointly and severally against Defendants Kevin Geddings and GLK Consultants, LLC, jointly and severally, in the amount of **$4,650** in attorney's fees.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on July 22, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record
Any Unrepresented Parties